UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAYMOND KOLLAR,
    *Plaintiff*,

v.

ALLSTATE INSURANCE CO. and
ALLSTATE FINANCIAL SERVICES, LLC,
    *Defendants*.

No. 3:16-cv-1927 (VAB)

**RULING ON MOTIONS FOR RECONSIDERATION**

On July 13, 2016, Raymond Kollar ("Plaintiff") sued Allstate Insurance Company and Allstate Financial Services, LLC (collectively "Defendants"), with whom he was affiliated as a licensed insurance agent. Notice of Removal, ECF No. 1, at 7.

On September 28, 2018, the Court dismissed with prejudice all but the Connecticut Franchise Act claims of Mr. Kollar's Amended Complaint. Ruling and Order on Mot. to Dismiss Am. Compl. ("Ruling and Order"), ECF No. 82.

Mr. Kollar, *pro se*, moves for reconsideration of that Ruling and Order. Mots. for Reconsider., ECF No. 87 and 89.

For the reasons below, the Court **DENIES** the motions to reconsider, ECF No. 87 and 89.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background[1]

For many years, Raymond Kollar served as a licensed insurance agent in the State of Connecticut with an office in Trumbull, Connecticut. Am. Compl. ¶ 6, 8–9. For much of this

---

[1] The Court presumes the parties' familiarity with the facts as set forth in its prior rulings, and incorporates those facts by reference herein. The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this motion.

time, Mr. Kollar worked with Defendants. Am. Compl. ¶ 56.

In 2003, Mr. Kollar signed an exclusive agency agreement with Defendant Allstate Insurance Company that prohibited him from selling other companies' policies. Am. Compl. at ¶¶ 10, 12, 55; Exclusive Agency Agreement, ECF No. 20-2. Under the Agreement, Allstate Insurance Company had broad discretion to reject insurance applications submitted by Mr. Kollar, Exclusive Agency Agreement ¶ I, terminate its relationship with Mr. Kollar, *id*. ¶ XVII, and veto potential buyers of his agency, *id*. ¶ XVI. In 2014, Allstate Insurance Company exercised most of those rights. Am. Compl. at ¶¶ 17–26. Mr. Kollar alleges that Allstate Insurance Company drove him out of business and interfered with his life's work. Am. Compl. at ¶¶ 18, 26.

**B.   Procedural Background**

On July 13, 2016, Mr. Kollar filed a Complaint in Connecticut Superior Court. Notice of Removal, ECF No. 1. On November 22, 2016, Defendants removed the case to this Court. *Id*.

On January 5, 2017, Defendants filed a motion to dismiss. ECF No. 20.

On July 28, 2017, the Court granted Defendants' motion to dismiss without prejudice and granted Mr. Kollar leave to file an Amended Complaint. Order Granting Mot. to Dismiss without Prejudice, ECF No. 39.

On September 1, 2017, Mr. Kollar filed an Amended Complaint. Am. Compl., ECF No. 46.

On September 22, 2017, Defendants filed a motion to dismiss the Amended Complaint. Mot. to Dismiss Am. Compl., ECF No. 51.

On September 28, 2018, the Court granted in part and denied in part Defendants' motion to dismiss. Ruling and Order. The Court dismissed counts I-IV of Mr. Kollar's Amended

Complaint with prejudice, *id*. at 1, but permitted count V, alleging violations of the Connecticut Franchise Act, to proceed, *id*.

On October 26, 2018, Mr. Kollar moved for partial reconsideration of the Court's Ruling and Order or an amendment of that judgment under Federal Rule 59(e). Mem. of Law in Supp. of Pl. Mot. for Partial Reconsider., ECF Nos. 87; FED. R. CIV. P. 59(e).

On October 28, 2018, Mr. Kollar filed an explanation for the lateness of his motion for reconsideration. Mot. for Good Cause and Explanation of Filing Date for Partial Reconsider./In the Alternative Filing under Fed. R. 59(e) Mot. to Partially Amend J., ECF No. 88.

On November 7, 2018, Mr. Kollar filed an extended version of his October 26, 2018 filing. Mot. of Updated and Further Explanation of the Filing Date for Pl. Corrected Mem. of Law in Supp. of Mot. for Partial Reconsider. ("Pl. Mem."), ECF No. 89.

On November 12, 2018, Defendants opposed Mr. Kollar's motions for reconsideration. Def. Statement in Opp. to Pl. Filing of a Mot. for Partial Reconsider. and in the Alternative, Mot. to Amend J. Pursuant to Fed. R. 59(E) ("Def. Opp."), ECF No. 91.

## II.   STANDARD OF REVIEW

A motion under Rule 59(e) of the Federal Rules of Civil Procedure is considered a motion for reconsideration. *See Krohn v. New York City Police Dep't*, 341 F.3d 177, 179 (2d Cir.) (noting that a party timely filed for reconsideration under Fed. R. Civ. P. 59(e)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court. *See Shrader*, 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## III. DISCUSSION

In addition to whether these motions satisfy the Second Circuit's standard under *Shrader*, Defendants also raise the issue of their timeliness. The Court will address each of these issues in turn.

### A. The Timeliness of the Motions

Defendants argue that Mr. Kollar's motions are untimely. Def. Opp. at 1.

The Court agrees.

The Court ruled on the motion to dismiss on September 28, 2018. Ruling and Order. As a result, any motion to reconsider should have been filed by October 5, 2018. D. CONN. L. CIV. R. 7(c)(1) ("In circumstances where such motions are appropriate, they shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought[.]").

Three weeks following that deadline, Mr. Kollar filed a six-page partial motion for reconsideration. Mem. of Law in Supp. of Pl. Mot. for Partial Reconsider., ECF No. 87. He filed the remainder of his argument on November 7, 2018, more than a month after the Court's ruling. Mot. of Updated and Further Explanation of the Filing Date for Pl. Corrected Mem. of Law in Supp. of Mot. for Partial Reconsider., ECF No. 89.

4

Mr. Kollar's motions thus are untimely under Local Rule 7. D. CONN. L. CIV. R. 7(c)(1). *U.S. Bank Tr., N.A. for Wells Fargo Asset Sec. Corp. Mortg. Pass-Through Certificates Series 2005-AR2 v. Walbert*, No. 3:17-cv-00991 (CSH), 2017 WL 4613191, at *3 (D. Conn. Oct. 16, 2017) ("Finally, the Court notes that the motion to reconsider is itself untimely, furnishing another ground for its denial.").

Mr. Kollar argues that there are good reasons for his protracted delay, including that he and his wife were not checking ECF every day[2] and were concerned about family members with health issues who might need surgery. Mot. for Good Cause and Explanation of Filing Date for Partial Reconsider./In the Alternative Filing under Fed. R. 59(e) Mot. to Partially Amend J; s*ee Cope v. Wal-Mart Stores E., LP*, No. 3:15-cv-01523 (CSH), 2017 WL 4542045, at *3 (D. Conn. Oct. 11, 2017) ("Local Rule 7(c) requires a motion for reconsideration to be filed within seven days from the order from which relief is sought. Plaintiff's motion was filed fourteen days following the Court's June 28 Ruling, and is therefore late. Plaintiff's counsel assumes blame for the untimeliness of the motion, stating in reply that he 'erroneously relied upon the version of Local Rule 7 in effect prior to 2017, which provided fourteen days to file a motion to reconsider' . . . . Plaintiff advances a reasonable excuse for the untimeliness of the motion, and preferring to decide these issues on the merits, the Court will exercise its discretion and address the motion.") (internal quotations and citations omitted)); CONN. L. CIV. R. 7(c)(1).

While these explanations may not satisfy the good cause standard, the Court nevertheless will address the merits of Mr. Kollar's motions.

---

[2] On October 2, 2018, the Clerk of Court mailed the Court's Ruling and Order to Mr. Kollar. Staff Notes.

### B. The Merits of the Motions

Defendants argue that Mr. Kollar has failed to identify any controlling decisions or vital evidence overlooked by the Court. Def. Opp. at 3.

The Court agrees.

Mr. Kollar cites to cases from the Central District of California, District of Connecticut, District of Massachusetts, and District of Minnesota.[3] Pl. Mem. None of these cases, however, are binding precedent that would change the Court's decision. *United States v. Raymonda*, 780 F.3d 105, 119 (2d Cir. 2015) ("Because district court decisions create no rule of law binding on other courts, Agent Ouzer's knowledge that Coon found nearly year-old evidence of possession too stale to create probable cause cannot have given him notice that his affidavit in this case would be found equally deficient") (internal quotations and citations omitted)); *Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81, 97 (W.D.N.Y. 2018) ("[T]he decisions of district courts, even those located within the same district, are not binding on other district courts. Accordingly, the Court declines to follow the rationale and the conclusion set forth in *Hannabury* [.]") (internal quotations and citations omitted)). As a result, there has been no "intervening change of controlling law[.]" *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255; *Shrader*, 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").

---

[3] *Juan Comparetto v. Allstate Ins. Co.*, No. 11-cv-9206 (JAK/FFMx), 2013 WL 11727235 (C.D. Cal. Nov. 20, 2013) (Order on plaintiffs' motion for class certification); *Deleski Ins. Agency, Inc. v. Allstate Ins. Co.*, No. 13-cv-1780 (JRT/JJK), 2013 WL 6858573 (D. Minn. Dec. 30, 2013) (Order denying in part and granting in part motion to dismiss); *Allstate Ins. Co. v. Joseph*, No. 17-cv-12000 (IT), (D. Mass. Oct. 26, 2018) (Order granting joint motion for injunctive relief following parties' settlement of dispute through alternative dispute resolution); *Found. Capital Res., Inc. v. Prayer Tabernacle Church of Love, Inc.*, No. 3:17-cv-00135 (JAM), 2018 WL 4697281 (D. Conn. Sept. 30, 2018) (Order granting in part and denying in part plaintiff's motion for summary judgment and granting defendant's motion to vacate receivership order); *Edwards v. N. Am. Power & Gas, LLC*, 14-cv-1714 (VAB), 120 F. Supp. 3d 132, 135 (D. Conn. 2015) (Order denying in part and granting in part motion to dismiss).

Mr. Kollar also basically cites to the same facts considered by the Court in its Ruling and Order. The Court, however, already discussed the scope and effect of: the Exclusive Agency Agreement, Pl. Mem. at 1 *et seq.*, Ruling and Order at 1, 4, 7–9 *et seq.*; the Executive Agency Independent Contractor Manual ("EAIC Manual"), Supplement, and Agency Standards Manual, Pl. Mem. at 4–6, Ruling and Order at 4–9; the Reference Guide, Pl. Mem. at 6, Ruling and Order at 7, 8, 17; and other documents (e.g., 2014 memorandum, Ruling and Order at 2, 9).[4] The Court also considered the actors and circumstances surrounding the unwinding of Mr. Kollar's insurance agency, including Mr. Dunn's purchase of the agency at an allegedly discounted price. Pl. Mem. at 15–16; Ruling and Order at 4, 7, 11.[5]

In addition to these factual arguments, Mr. Kollar includes two exhibits to his motion for reconsideration: 1. A policy withdrawal letter sent to Beverly Pollack, and 2. An affidavit from Ms. Pollack. Pl. Mem. at 35–41. These exhibits, however, are not material to the Court's ruling. Defendants had both the broad authority to accept or reject insurance applications, and to terminate Mr. Kollar's agency agreement. Ruling and Order at 9.

Beyond the new exhibits, Mr. Kollar provides expanded explanations for some of his claims (e.g., the extent of a particular sales manager's authority over application decisions). These factual descriptions do not contain "data that the court overlooked[,]" *Shrader*, 70 F.3d at

---

[4] Mr. Kollar cites as error the Court's decision not to revisit the December 1, 2014 termination letter. Mot. to Dismiss Am. Compl.[4] That letter, however, was not submitted with Defendants' motion to dismiss the Amended Complaint. Rather, it was an exhibit to Defendants' earlier motion to dismiss, Mot. to Dismiss, ECF No. 20. At the time of that motion, Mr. Kollar asked the Court not to consider the letter until the summary judgment stage. Pl. Mem. of Law in Opp. to Def. Mot. to Dismiss, ECF No. 29 at 16; Order Granting Mot. to Dismiss without Prejudice at 7. At summary judgment, Mr. Kollar may argue that he is owed payment under the terms of the termination letter.

[5] Mr. Kollar cites as error the Court's decision not to name all of the alleged bad actors in its earlier ruling. Pl. Mem. at 19. When possible, the Court omitted the names of non-parties and focused instead on the underlying factual circumstances and related legal claims. For example, the Court did not identify the sales manager that allegedly "gave [the] order to issue [the] customer withdrawal letter with false information[,]" *id.*, but addressed at length the larger issue of Mr. Kollar's insurance policy production requirements. Ruling and Order at 2–3, 7–9.

257, or cure the deficiencies of Mr. Kollar's Amended Complaint. Ruling and Order at 6 ("[A] bald assertion that the defendant has a contractual obligation, without more, is insufficient to survive a motion to strike. In its previous decision, the Court determined that Mr. Kollar had not identified a specific contractual obligation in his breach of contract claim. Mr. Kollar did not remedy this defect in his Amended Complaint.") (internal quotations and citations omitted)).

Mr. Kollar thus has identified no facts "that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (explaining that a motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court.). Mr. Kollar therefore fails to satisfy the strict standard for these motions and they should be denied.

### C. CONCLUSION

For the reasons above, the Court **DENIES** the motions to reconsider, ECF No. 87 and 89.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of May, 2019.

                                               /s/ Victor A. Bolden
                                               VICTOR A. BOLDEN
                                               UNITED STATES DISTRICT JUDGE